**FILED**
Monday, 09 August, 2004  04:48:36 PM
Clerk, U.S. District Court, ILCD



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT, STATE OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JAN MICHELE STINNETT,  )  <br> Plaintiff,  )  <br> vs.  )  <br>   )  <br> ARLENE BLANK; CAROL STACK;  )  <br> ARTHUR CULVER; and DORLAND NORRIS,  )  <br> Defendants.  ) | 04- 2155 <br> JURY DEMAND |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, JAN MICHELE STINNETT, by and through her attorneys, LERNER & KIRCHNER, and hereby files her *Complaint* against the Defendants herein, and in support thereof states and alleges as follows:

**Jurisdiction, Venue, and the Parties**

1. That this Court has jurisdiction pursuant to the provisions of Title 28 USC §§ 1331 and 1343 and supplemental jurisdiction under Title 28 USC § 1367.

2. That the venue is proper under the provisions of Title 28 USC § 1391(b).

3. That the Plaintiff, JAN MICHELE STINNETT, is and was at all times relevant hereto these proceedings a resident of Champaign County, Illinois.

4. That each of the individually named Defendants, ARLENE BLANK; CAROL STACK; ARTHUR CULVER; and DORLAND NORRIS, were at all times relevant hereto employed by the Community Unit School District No. 4, Champaign County, Illinois.

5. That the Plaintiff brings her claims pursuant to the provisions of Title 42 USC §§ 1981 and 1983 as a result of the Defendants' violation of the Plaintiff's rights as guaranteed under the Fourteenth Amendment, incorporating the First Amendment to

the Constitution of the United States, which guarantees the Plaintiff freedom of speech and protection from retaliation for opposing racial discrimination. Plaintiff's supplemental jurisdiction arises as a result of the Plaintiff's claims brought under the corollary provisions of the Illinois Constitution of 1970; and violations of the Illinois Civil Rights Act of 2003 (740 ILCS 23/1 et.sq.).

6. That at all times relevant hereto, Arelene Blank was Director of Support Services for the Community Unit School District No. 4, Champaign County, Illinois.

7. That during the 2001-2002 school year, Carol Stack was Interim Superintendent for the Community Unit School District No. 4, Champaign County, Illinois.

8. That as of July 1, 2002, Arthur Culver was Superintendent for the Community Unit School District No. 4, Champaign County, Illinois.

9. That at times relevant hereto, Dorland Norris was employed by the Community Unit School District No. 4, Champaign County, Illinois.

## Claims

10. That the Plaintiff, at all times relevant hereto, was employed by the Community Unit School District No. 4, Champaign County, Illinois in conjunction with the school age childcare program conducted by the District in Champaign County, Illinois.

11. That the Plaintiff has a Master's Degree in Social Work, sixteen years of experience as a school social worker and was employed six years with the school age childcare program, the last two and a half of which she was employed as a Program Coordinator.

12. That during the 1996 - 97 school year, the Plaintiff was employed as a Site-Director for the Bottenfield Kid's Plus Program.

13. That during the 1997 - 98 school year, the Plaintiff continued to be employed as a

Site-Director.

14. That during the 1998- 99 school year, the Plaintiff was employed as a Site-Director for the Westview Voyager Program.

15. That during the 1999 - 2000 school year, the Plaintiff continued to be employed at the Westview Voyager Program and in May, 2000 was offered the position of Program Coordinator, becoming "interim" coordinator in January of 2000.

16. That during the 2000 - 01 school year the Plaintiff was employed as a Program Coordinator for the School Age Childcare Program beginning July 1st.

17. That the Plaintiff's responsibilities included supervising an average of seventy employees and nine to ten after school programs with an average of 650 - 700 students enrolled during the relevant time period.

18. That on or about August 12th, 2002, a *Resolution* was adopted by the said School District, terminating the Plaintiff's employment.

19. That prior to the issuance of said *Resolution*, the Plaintiff spoke with parents, community members and others concerning the School District's budget issues and a proposed plan by the District to require each school to conduct it's own pre and after school programs and complained to said parents, community members and others, that the proposed plan would disproportionately impact the African American populations predominately at Stratton, Garden Hills and Washington, and that as a result of Plaintiff's speech parents, PIC committee members, community members, and local radio and televisions stations (WICD and WDWS) publicized, or learned of, the District's plan, which the District was subsequently forced to abort.

20. That the Plaintiff's speech was a matter of public concern.

21. That the Plaintiff's employment was terminated as a result of the Plaintiff having

spoken out on the racial/equity issues presented by the District's plan and in retaliation thereof, and that said retaliation violates the Plaintiff's right of free speech as guaranteed by the Constitution of the United States and made actionable under 42 USC §§ 1981 and 1983.

22. That 42 USCA § 1988 provides for the awarding of attorney's fees.

23. That as a result of the termination of the Plaintiff's employment, the Plaintiff has suffered a loss of income, embarrassment and humiliation, emotional distress, and other damages now and into the future.

24. That the Plaintiff is entitled to an award of attorney's fees, and punitive and exemplary damages.

WHEREFORE, the Plaintiff prays for damages in an amount to be fixed by the trier of fact as and for compensatory damages against the Defendants jointly and individually, in an amount in excess of $100,000.00 together with an award of punitive damages, her costs and attorney's fees pursuant to the Illinois Civil Rights Acts of 2003 (740 ILCS 23/1 et.sq.) and 42 USC § 1988, and such injunctive relief as the Court deems necessary and proper following a hearing in this cause. Plaintiff demands Trial by Jury.

JAN MICHELE STINNETT, Plaintiff,

By: _____
Robert G. Kirchner, one of her attorneys

Prepared By:
Robert G. Kirchner
LERNER & KIRCHNER
Huntington Towers - Suite 608
201 West Springfield Avenue
P.O. Box 1340
Champaign, Illinois 61824-1340
Telephone: (217) 356-8381
Facsimile: (217) 356-7739
F:\WPDOCS\bob\Stinnett, Micky\Federal Case\Complaint.wpd